GARESCHE *vs.* BOYCE.

1. An instruction, "that the plaintiff has shown a *prima facie* right to the possession" of the property in controversy is erroneous, as amounting to an instruction that the jury must believe the facts on which the instruction is founded.

2. Plaintiff brought an action of trover against defendant for certain cord-wood taken from his land by the latter. Defendant purchased the wood at sheriff's sale on execution against one I., who, it appeared, from declarations made by some of plaintiff's witnesses, had a lease from plaintiff to cut and sell the wood. *Held:* That plaintiff could not maintain his action.

ERROR to St. Louis Circuit Court.

LAWLESS, *for Plaintiff in Error.*

The plaintiff refers the court to the evidence in the case, and to the following amongst other authorities:—"A mere possessory title in the lessee of the plaintiff, on whose possession the defendant, without claim or color of title, entered, will be sufficient to enable him to maintain this action."—2 Johns. Rep.

"Possession of land by a party claiming it as his own in fee, is *prima facie* evidence of his ownership and seizin of the inheritance."—7 Wheat. Rep., 59.

"In ejectment, possession accompanied with a claim of ownership in fee is *prima facie* evidence of such an estate."—Jackson *vs.* Partin, Paine's United States Circuit Court Reports, 457.

"A deed of bargain and sale in New Jersey passes the possession without entry by bargainee—L. Washington's C. C. Rep., 38.—Same doctrine in Missouri; see Price's Case, 1 Mo. Rep.

"A landlord has such a property in timber cut down during a lease as to enable him to support trover when it is carried away."—7 Tenn. Rep., 13; 1 Saund. 332.

"When a debtor confesses a judgment, and fraudulently procures goods, to be

delivered without having paid for them, with intent to subject them to the execution of a judgment creditor, the title to the goods does not become vested in the purchaser."—Van Classon *vs.* Fleet, 15 Johns. Rep., 147.

Polk, *for Defendant in Error*.

POINTS RELIED ON BY DEFENDANT.

1. The plaintiff cannot complain of injury from the court ruling, that testimony of John Johnson was competent, because the defendant declined to examine said Johnson at all in the cause.

2. The court committed no error in giving the two instructions asked by defendant's counsel.

The bill of exceptions contains no proof of title. The only pretence of proof on this point is, first, the above-mentioned deed, and next, the payment of taxes by plaintiff on the land described in the deed.

The deed, to be sure, is a regular deed from Gabriel Garesche, as aforesaid, to plaintiff, but there is nothing to establish that Gabriel Garesche ever had any title to the land therein mentioned.

As to the payment of taxes, I apprehend it was never before held, that the having land taxed in the name of a particular party, and his paying the taxes so assessed, vested any kind of title in him to the premises so assessed.

3. The court was right in overruling the instructions prayed by plaintiff.

A mere possessory right in the land will not enable the plaintiff below, and appellant here, to maintain this action. He must show himself to be legally entitled to the inheritance of the land. Not even a freehold estate, less than the fee simple, unless it be such freehold estate without impeachment of waste, will authorize the owner of it to maintain the action of trover for wood dissevered from the realty—cut from the land.—2 Sal. N. P., title, "Trover," 517, and authorities there cited.

Tompkins, J., *delivered the opinion of the Court*.

Vital M. Garesche commenced, in the Circuit Court of St. Louis county, an action of trover against William H. Boyce, and judgment being given against him, he comes into this Court to reverse that judgment.

On the trial of the cause, evidence was given that one John Johnson, and another person, had cut wood and put it up in cords, at the point made by the junction of the Mississippi and Missouri rivers, on the bank of each river, and this wood being offered for sale by the sheriff of St. Charles county, Boyce, the defendant, became the purchaser, and took and carried away the wood so sold. The plaintiff then gave in evidence a deed of conveyance from Gabriel Garesche to himself for the land on which it is contended that this wood was cut. This deed is dated the 24th May, 1839, and recites a deed to those under whom the plaintiff claims, dated 19th November, 1839. The land is thus described:—

"All that certain tract or piece of land situated in the county of St. Charles, in

the State of Missouri, at the point formed by the confluence of the Mississippi and Missouri rivers, containing four thousand and forty arpens, French measure, bounded as follows:—beginning at an elm on the bank of the Mississippi, thence running to the south 677½ perches, thence 110 perches to a boundary stone, &c., thence running south 12 perches to the Missouri river, thence down the Missouri river to its junction with the Mississippi, thence up the Mississippi river to the beginning, excepting, out of the said grant, three hundred and ten arpens of land, part and parcel of the premises above described, heretofore conveyed to John Orton, &c., and also forty arpens, part of said above described premises, before conveyed to Rufus Easten.

The plaintiff, by consent of parties, gave in evidence the following document purporting to be an agreement of partnership betwixt John Johnson and John Honiy, viz.: the aforesaid John Johnson and John Honiy agree to form a co-partnership for the purpose of cutting wood, and to place it on the bank of the river, for the accommodation of steam-boats, as also to bring or convey it to St. Louis for sale. The said firm to be under style and name of Johnson & Honiy. The said co-partnership to continue for one year from the date, viz., 13th August, 1840. The said John Honiy doth hereby agree and bind himself to take an active part in the business, or, otherwise, to furnish a suitable man, who will act in his place, whose duty it shall be to attend to the wood-yard, cord the wood on the bank, receive it from the choppers, also receive money from the steam-boats, keep a book for the purpose of entering all money received from the choppers. The aforesaid will be John Honiy's part of the business, and the said John Johnson doth hereby agree and bind himself to attend to the business of the wood boat, as also to dispose of all wood that the wood boat may bring to St. Louis. The said Johnson doth also agree and bind himself to keep all the books belonging to the concern in such a manner as will be satisfactory to both parties. The proceedings to be rendered from the wood yard once every week or ten days. The said John Honiy does agree to furnish the choppers, &c. · This instrument contained some further agreements betwixt the parties, and was executed by each party signing and sealing it. The plaintiff having then previously released the said John Honiy, produced him as a witness, and he stated that about the 14th day of August, 1840, in consequence of the aforesaid agreement of co-partnership of himself, the witness, and the said John Johnson, he, the witness, went upon the point of land situated at the junction of Mississippi and Missouri rivers, in Saint Charles county; that he went on said land on the advice and suggestion of said Johnson, who told him that the point of land aforesaid belonged to the said Garesche, plaintiff in this action, and that plaintiff had made a lease to him, said Johnson, of said land, or some portion thereof, for the purpose of cutting firewood thereon, and selling the same; that said Johnson has never shown any such lease to the witness; that he went on the land unaccompanied by Johnson; that the witness established himself on said point for the purpose of cutting and cording wood, and cording and selling it to steam-boats, and at St. Louis; that the witness continued to cut and cord wood at said place from the time he went there till the 7th or 8th day of June, 1841, and that up to that time they had cut and corded

about 4082 cords; that there then remained on the point about 2500 cords unsold, which was sold on execution by the sheriff of St. Charles county, as the property of John Johnson, and Boyce, the defendant, became the purchaser, and carried away some and sold the rest; that ever since that time the witness has remained in the occupation of the said land, in the business of cutting and cording firewood, and as tenant to the plaintiff, Garesche, &c. The plaintiff then produced the witness Michael Tesson, who stated that the land described in the deed aforesaid had always, since the date of said deed, (24th July, 1840,) been claimed by said plaintiff as belonging to him, as owner in fee, and that the witness, as agent of said plaintiff, has ever since said conveyance had said land assessed as the property of said Garesche, and has paid taxes thereon in the absence of said Garesche; and the witness further stated, that in the absence of the plaintiff in the summer of the year 1840, the witness being then agent of the plaintiff, was applied to by John Johnson, the aforesaid partner of the said John Honiy, for a certain instrument of writing, the nature of which the witness did not precisely recollect, but believes that said instrument was either a lease from said plaintiff to said Johnson, or a license to cut wood on said land, or on a part thereof, &c., and the witness is unable to recollect what were the stipulations, covenants, or specific terms of said instrument; and the witness further said that there was considerable discussion in negotiation between said Johnson and himself, as agent as aforesaid, on the subject of the security refused by said plaintiff, Garesche, for the payment of the rent, or for the performance of the covenant in the said instrument contained, that at length the witness as agent, as aforesaid accepted one Lawrence Hoyle as security, &c., and witness says that he does not recollect to whom he delivered said instrument whether to said Johnson or to said Garesche, or to any other person, and that he does not know where it is to be found.

The plaintiff having closed his evidence, the defendant produced said Johnson, defendant in the above-mentioned execution, under which the sale of the wood, as aforesaid, was made to the defendant. He was objected to, and the plaintiff excepted to the opinion of the court overruling his objection. The defendant did not examine said witness.

The plaintiff was notified to produce, at the trial of this cause, the aforesaid lease executed by his agent, Tesson. The defendant offered no evidence.

The defendant prayed two instructions, which were given by the court, and excepted to by the plaintiff. As they are the reverse of others asked by the plaintiff, and refused by the court, they will be passed without notice. The plaintiff prayed the court to instruct the jury—

1st: That the plaintiff has shown a *prima facie* right and title to the possession of the wood in question, and is entitled to a verdict if the jury shall be of opinion that said wood has been converted by the defendant to his own use.

2d: That the plaintiff has shown such *prima facie* title to the land, on which the wood in question was cut, as to demonstrate his right to the possession of the wood which was growing thereon, and which was cut on said land.

3d: That the title deed given in evidence by the plaintiff, together with the proof given by him of his possession, claiming as owner in fee under said deed, is

*prima facie* evidence of right to the possession of the land, and of the wood cut thereon.

4th : That the assessment of the land for taxes, and the payment of said taxes by the plaintiff as proprietor, is sufficient *prima facie* proof of the right of the plaintiff to the said land, and the wood growing and cut upon the said land, during the time that the plaintiff so possessed, and paid said taxes.

5th : That the acknowledgment of John Johnson, (under whom it is in evidence that the defendant claims title to the wood,) that the plaintiff was the owner of the land, and that said plaintiff had right and title sufficient to make a lease thereof to said Johnson, is good evidence against the said defendant of a possession right in the plaintiff to said land, and to the wood cut thereon.

6th : This instruction it is unnecessary to notice.

These six instructions were refused by the court, and the opinion of the court was excepted to. The plaintiff then took a non-suit, and afterwards moved to set it aside —

First, because the court instructed the jury as required by defendant ; and,

Second, because the court refused the instructions asked by the plaintiff. This motion was overruled and the opinion of the court was excepted to.

This case will be considered under two heads. First, ought the first four instructions to have been given? Second, what is the effect of Johnson's acknowledgments, as they are proved by the plaintiff himself?

To the first four instructions asked by the plaintiff, there is one objection equally applicable and equally fatal to each. In each instruction the court is required to tell the jury that the plaintiff had such *prima facie* right or title as would entitle him to recover. Such instruction, if given, would amount to telling the jury they must believe the facts on which each instruction is founded. — See Bryan *vs.* Hickman and Wear, 4 Mo. Rep., 106 ; and Speed *vs.* Harris, *Ibid.*, 356.

Second, the acknowledgments of Johnson, proved by the plaintiff's own witness, are good evidence that Johnson admitted the plaintiff to be the owner of the land, and they would preclude him from denying the right of the plaintiff his lessor, and they must equally prove that plaintiff has no right, as owner of the soil, to the wood cut thereon, either against Johnson himself or against the purchaser at the sheriff's sale, who claims, in virtue of the sale, all the right of Johnson himself.

The plaintiff proved by the witness, whom he introduced to testify to Johnson's declarations or acknowledgments, as the plaintiff calls them, that Garesche, the plaintiff, had given to Johnson a lease to cut and sell wood on the land.

But there is still another reason appearing on this record, why the plaintiff cannot recover on the evidence here given. From the deed under which the plaintiff claims, it appears, that there are two separate parcels of land situated within the limits set out in his deed, which do not belong to him, one parcel of 310 arpens, the other of 40 arpens ; and it does not appear that one or both of these tracts may not be the land on which this wood was cut.

For the reasons above given, it appears, that the Circuit Court committed no error in refusing to set aside the non-suit suffered by the plaintiff. Its judgment is, then, affirmed.