E. U. HUGUMIN & CO., Respondent, v. GEORGE H. HINDS and OTTO WEISSGERBER, Appellants.

St. Louis Court of Appeals, December 23, 1902.

1. **Bills and Notes:** TRANSFER: INDORSEMENT: EVIDENCE: PLEADING AND PRACTICE: ERROR. In an action by an indorsee on a negotiable promissory note, where it was denied that plaintiff was a bona fide purchaser for value, the admission of the indorsement of the payee in evidence without proof of its authenticity, over defendant's objection, was error.

2. ———: ———: ———: WAIVER OF PROOF: INDORSEMENT. An admission of the execution of a negotiable note in an action by the indorsee does not constitute a waiver of proof of the indorsement.

Hugumin & Co. v. Hinds and Weissgerber.

3. ————: ————: ————: ACTION: NEGOTIABLE NOTE: INDOR-
SEE: INNOCENT HOLDER: EVIDENCE: JURY: PRACTICE,
TRIAL. Where, in an action on a negotiable note for $150 by an
indorsee, it was denied that the plaintiff was an innocent holder for
value, and plaintiff as part of his case, testified to his purchase of
the paper, and that he had paid $100 therefor, during the month
of January, 1899, by a check on a certain trust company, and made
no previous inquiry as to defendant's standing, and had no talk or
understanding with the payee as to the collection of the note, the
question of the credibility of his evidence as to the indorsement of
the note to him was for the jury.

ON REHEARING.

4. Record: BILL OF EXCEPTIONS: TIME OF FILING BILL OF EX-
CEPTIONS: PRACTICE, TRIAL. Where a statement of the circuit
clerk, setting forth the record on an appeal, recited that "on the
seventeenth day of April, 1901, defendants filed their bill of excep-
tions in this cause," after which followed the bill of exceptions,
and at the close of the transcript the clerk certified that the fore-
going was a true and complete copy of the judgment, motion for a
new trial, affidavit for appeal, and "all orders and motions affecting
the same, in the case," the record contained a sufficient showing of
the filing of the bill of exceptions.

5. ————: ————: PRACTICE, APPELLATE: PRESUMPTIONS: AD-
JOURNMENT OF COURT. Where nothing in the record intimated
that the court adjourned for the term before the bill of exceptions
was filed, the appellate court will not presume an adjournment in
the absence of any such showing.

6. ————: ————: MOTION FOR NEW TRIAL: CONTINUANCE:
PRACTICE, TRIAL: PRACTICE, APPELLATE. The rule is that
a continuance of a motion for a new trial will be presumed in sup-
port of the regularity of the trial court's action in the premises.

Appeal from Laclede Circuit Court.—*Hon. L. B. Wood-
side*, Judge.

REVERSED AND REMANDED.

*I. W. Mayfield* for appellant.

(1) It was the duty of the plaintiff to allege and
prove three elementary facts: (a) That he was a
bona fide purchaser before maturity. (b) The in-
dorsement by the payee, and before maturity. (c) A

consideration.    (2) Under the pleadings each of these three points was a question of fact and should have been submitted to the jury.    Worrell v. Roberts, 58 Mo. App. 197; Campbell v. Hoff, 129 Mo. 317; Seehorn v. Bank, 148 Mo. 256.

*J. P. Nixon* for respondent.

(1)   This is an action commenced in the Laclede Circuit Court upon a certain promissory note as the cause of action.   The note was executed by Hinds & Weissgerber, appellants, and was for the payment of money to the order of the payee therein mentioned, and expressed to be for value received, and was by its terms a statutory promissory note.   R. S. 1899, sec. 457.   (2)   The rule, as stated by the American and English Encyclopedia of Law, is:   "The general principles governing negotiable instruments, whether as maker, drawer or acceptor, are alike.   So if in a note or bill there are added to the name of the payee words denoting agency or official character, such words are deemed merely descriptive, and the note or bill is payable to the individual thus described personally, and he is liable personally on the instrument."   1 Am. and Eng. Ency. Law (New Ed.), page 1047.   It is to be noticed that the rule is that added words "denoting agency" are descriptive, and it is submitted that "manager" denotes agency within the meaning of the text. Illustrative cases are given:   "E. Faw, agent for Marietta Paper Mill Co."   Held note of Faw.   Faw v. Meals, 65 Ga. 711.

BARCLAY, J.—This action was begun in July, 1899, by plaintiff against the two defendants, in the circuit court of Laclede county, Missouri.   It is founded on the following instrument:

"$150.00.                    Lebanon, Mo., Oct. 19, 1898.
    "Six months after date we, each as principal, promise to pay to the order of D. F. Hulbert, Manager Genille, of 923 Olive street, St. Louis, Mo., one hun-

dred and fifty dollars, for value received, negotiable and payable without defalcation or discount at the Bank of Lebanon, in Lebanon, Missouri, with interest from date at the rate of eight per cent per annum until paid, and if interest be not paid annually to become as principal and bear the same rate of interest.

"HINDS AND WEISSGERBER."

The indorsements on the paper are as follows:

"D. F. Hulbert: For collection for account of E. U. Hugumin & Co."

The petition charges that defendants promised by their said note to pay said sum, as therein expressed, and that said Hulbert, before maturity thereof, for value received, assigned and delivered said note to plaintiff. Then follow allegations of demand, non-payment and protest (whereby protest fees accrued to plaintiff) and a prayer for judgment for $150, with interest and protest fees.

The answer denies the petition generally (except the execution of the note) and then charges that the only consideration for the instrument arose from these facts:

"That they executed the note sued upon to one D. F. Hulbert, as manager for one Genille, of St. Louis, Missouri, the payee of said note, and that the same was given upon the following conditions and the only consideration of said note was 'that the said Genille or his agent, D. F. Hulbert, was to furnish these defendants one thousand stamps and folders known as Genille stamps and folders, with full instructions as to their redemption,' and it was expressly stipulated by and between these defendants and the payee of said note that for and in consideration of the defendants' signing and giving said note herein sued upon, that they would keep and maintain a good and competent photographer in Lebanon, Missouri, to redeem said stamps by making and forwarding them to St. Louis, Missouri.

"Defendants further complaining, say that it was expressly understood by and between the payee of said

note and these defendants that for and in consideration of said note herein sued upon that when said stamps were forwarded to Genille at St. Louis, Missouri, the same were to be redeemed by said Genille with suitable prints and photographs, to be furnished in their patent statuary photography, and then returned to the defendants free of any charge or expense whatever.

"Defendants state and represent that in each and every particular the payee of said note failed, refused and neglected to comply with the agreement and consideration for which said note was given; that they failed and refused to deliver a sufficient number of folders for said stamps, as agreed and expressly stipulated as a part of the consideration of the note herein sued on.

"Defendants say that they failed, neglected and refused to establish a redemption agency in Lebanon, Missouri, as expressly stipulated and as a part of the consideration of the defendants' signing and giving said note herein sued upon.

"Defendants further say they failed, refused and neglected to make and forward to these defendants suitable prints or any prints at all or photographs, as expressly stipulated and as a part of the consideration of said note.

"Defendants in answering, further aver that said note was obtained by fraud and that the consideration of said note entirely failed, and that the same was not bona fide purchased by the plaintiff but is a conveyance by and between the payee of said note and plaintiff herein to cheat and defraud the defendants out of their just rights in the premises.

"Wherefore defendants pray to find said note void and for naught held, and that they be discharged with costs."

The cause coming on for trial before the learned circuit judge and a jury, plaintiff read the note and indorsements in evidence, despite objection by counsel for defendants on the ground that the indorsements had not been proved. Plaintiff then testified that he lived

in St. Louis; was a pawnbroker; had known the payee, Mr. Hulbert, about eight years; saw this note about three months after it was made, when he bought it for $100 from Hulbert, whose signature to the indorsement is thereon; that he, plaintiff, was the owner.

He further stated as a witness that he and Mr. Hulbert occupied parts of the same business building; they had adjoining stores on the ground floor of 923 Olive street, St. Louis, where plaintiff had been in business about two years and Mr. Hulbert for a longer time. Plaintiff testified that he bought the note in suit with a check on the Union Trust Company; that he made no previous inquiry about the financial standing of defendants; bought no other notes of him; had had no talk with Mr. Hulbert about the pending suit; had no understanding with him about the expenses thereof; had made no demand on him to pay the note; didn't ask anything about what the note was given for; never heard of any failure of consideration of the note; had not abandoned his claim against Mr. Hulbert as indorser.

Plaintiff introduced in evidence the check for $100 which he had described as given for the note in suit.

The foregoing is an outline of the substance of the plaintiff's case.

The defendants gave testimony tending to show a failure of consideration for the note between them and the payee. It does not seem necessary to mention the particulars of it considering the view we take of the main question involved in this appeal.

At the close of the whole testimony the court gave to the jury the following instruction:

"Under the law and the evidence, the jury is instructed to find the issues for the plaintiff and assess his damage at the amount of said note, together with interest."

Whereupon the jury returned a verdict for plaintiff for $175.41 and judgment was entered thereon. Defendants appealed, observing the customary formalities.

1. Defendants insist that the cause should have been submitted to the jury on the pleadings and the evidence.

Without going very far into the merits of the case, it is clear that the burden of proof rested on plaintiff to submit in the first instance some evidence tending to prove the fact of the indorsement. The trial court admitted in evidence the indorsement of the payee without any prior proof of its authenticity, and over the objection and exception of the defendants. The indorsement did not prove itself. Bank v. Pennington, 42 Mo. App. (K. C.) 355. Defendants admitted the execution of the note, but that admission did not waive or dispense with proof of the indorsement. Such proof was an essential part of plaintiff's case. Bank v. Donnell, 35 Mo. 373; Mayer v. Old, 51 Mo. App. (K. C.) 214. Plaintiff as a witness testified to the signature of the payee, but he was cross-examined by defendants in such a way as to indicate that the validity of the indorsement was by no means conceded as it was in Stillwell v. Patton, 108 Mo. 352. The testimony of plaintiff by his deposition tended to prove the indorsement, but it was the province of the jury (subject to the reviewing power of the trial judge) to decide, as an issue of fact, whether they believed that testimony, according to the recent rulings of the Supreme Court on the subject. Even though no conflict of testimony was developed on those points, the credibility of the plaintiff's testimony was, nevertheless, to be passed upon by the jury. Gannon v. Gas Co., 145 Mo. 502; Seehorn v. Bank, 148 Mo. 256. For the court to declare that the jury are bound, as a matter of law, to believe the testimony of plaintiff, irrespective of their opinion of its truth, would be for the court to invade the domain of the triers of the facts. Bryan v. Wear, 4 Mo. 106; Garesche v. Boyce, 8 Mo. 228; Steamboat Memphis v. Matthews, 28 Mo. 248; Gregory v. Chambers, 78 Mo. 294; Wolff v. Campbell, 110 Mo. 114; Mineral Land Co. v. Ross, 135 Mo. 101. Yet that was precisely the effect of the binding instruction to find for the plaintiff in the case at bar.

2. Plaintiff claims that the construction of the written contract contained in the note was a question for the court. That claim is correct in so far as it expresses a general rule. It is needless now to mark its limitations or the exceptions engrafted upon it. Beyond the construction of the instrument and the question of identity of the indorsement with the name of the payee lay the issue whether or not plaintiff had acquired the note by indorsement. It was a negotiable note. R. S. 1899, sec. 457. Plaintiff's possession of the note, with due proof of the indorsement, was prima facie evidence that he was an innocent holder for value. Borgess Investment Co. v. Vette, 142 Mo. 560; New Albany Mills v. Meyers, 43 Mo. App. (K. C.) 124; Eyermann v. Piron, 151 Mo. 116. The note itself imports a consideration besides reciting one. R. S. 1899, sec. 894. Yet plaintiff, without any occasion to do so and not relying on the inference that the transfer to him was for value, proceeded in chief to put in his own testimony of the facts of his purchase of the paper, showing that he had paid $100 for it toward the end of January, 1899, without any inquiry about defendants, etc. Having gone into that question himself, the credibility of his evidence of the indorsement to him could not properly be taken from the jury and passed upon by the court as a matter of law, in the circumstances already indicated. Bruyn v. Russell, 52 Hun 17. The proof of the indorsement by the payee rested solely on the evidence of plaintiff. He was an interested party and the jury were authorized to consider his interest in the result in passing on the weight to be given to his testimony. R. S. 1899, sec. . . . It was for the jury to find the fact of indorsement which was in issue under the pleadings and on which fact plaintiff necessarily depended to make his title clear to the instrument in suit. So there was error in giving the peremptory instruction.

3. As the cause should be retried, we refrain from further comment on the effect of the testimony. The

judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.

OPINION ON REHEARING.

PER CURIAM.—This cause has been fully reconsidered on a rehearing granted at the instance of plaintiff.

1. At the second hearing plaintiff (respondent) objects to a review of the merits on the ground of alleged defects in the record touching the authentication of the bill of exceptions.

It is insisted that the record itself does not show that the bill was filed. There is this recital by the circuit clerk in his statement setting forth the record proper in this cause, viz.:

"And afterwards, to-wit, and on the seventeenth day of April, 1901, the defendants filed their bill of exceptions in this cause, which is in words and figures as follows, to-wit:

(Then follows the bill).

At the close of the transcript (for this case is here upon a full transcript) the clerk officially certifies the "foregoing" to be a true and complete copy of the judgment, motion for new trial, affidavit for appeal and "all orders and motions affecting the same" in the case (citing the title of this case).

It is true, as often held, that the record must show that the bill of exceptions was filed, independently of any recital in the bill itself. Ricketts v. Hart, 150 Mo. 64; Hughes v. Henderson, 95 Mo. App. (K. C.) 312, 68 S. W. 1069. But we consider the entry above quoted to be a sufficient showing of record of the filing of the bill.

2. It is further contended that the extension of time for ninety days to file the bill of exceptions does not appear by the record proper. The reply to this is that the record does not show that when the bill was filed the term at which the motion for new trial was overruled and the appeal was taken had expired. The record

already quoted discloses that the bill was filed, April 17, 1901. It also shows that the motion for new trial was overruled, February 6, 1901, and that the appeal was taken and allowed, February 10, 1901. Nothing in the record intimates that the court adjourned for the term before the bill of exceptions was filed, and we can not properly presume an adjournment in the absence of any such showing.

3. It is next contended that no order of continuance of the motion for new trial appears to carry it over from the term when it was filed to that when it was overruled. It was formerly held that such an order of continuance was necessary, but that ruling was disapproved by the Supreme Court on appeal in the same case. The rule is that the continuance will be presumed in support of the regularity of the trial court's action in the premises. Givens v. Van Studdiford, 13 Mo. App. (St. L.) 168, and 86 Mo. 149.

4. On the merits of the appeal, the opinion heretofore filed has been modified in some respects and as modified is confirmed and adopted as the opinion of the court. We do not consider that the general principle declared in the Gannon case, 145 Mo. 502, has been discarded or overruled by the Supreme Court, but on the contrary we believe that court adheres to the proposition that it was for the jury to pass upon the credibility of oral testimony on a disputed issue of fact even when the testimony is not contradicted. That ruling has been repeatedly followed in the appellate courts, and we do not find any decision which can properly be held to overrule it. Hester v. Casualty Co., 78 Mo. App. (K. C.) 511; Overstreet v. Moser, 88 Mo. App. (St. L.) 80; Lesieur v. Zimmerman, 88 Mo. App. (St. L.) 664; Ellis v. Railway, 89 Mo. App. (St. L.) 241; Ward v. Steffen, 88 Mo. App. (St. L.) 576.

The judgment is reversed and the cause remanded for new trial, all the judges concurring: