JENNIE ABLES, Respondent, v. ILA FERN ACKLEY, Appellant.

**Kansas City Court of Appeals, June 24, 1907.**

1. **WITNESSES: Husband and Wife: Waiver of Incompetency.** While a wife may be incompetent as to matters occurring between her and her deceased husband and the action of the court in striking out her examination in chief proper, yet such incompetency may be waived when the opposite party proceeds to cross-examine her, which makes her a competent witness for all purposes of the case, and her testimony cannot thereafter be excluded.

2. **TRIAL AND APPELLATE PRACTICE: Ordering New Trial: Jurisdiction.** The trial court rightfully entered an order granting plaintiff a new trial because of the exclusion of competent and material evidence which was set out in the abstract. *Held,* this court's jurisdiction is wholly appellate and cannot restore the judgment set aside by the trial court as it might have done had the order granting a new trial been wrongfully entered.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*E. H. Gamble* and *W. J. Costigan* for appellant.

(1) Appellee was incompetent as a witness to testify to the contract and cause of action in controversy, because she was a party thereto and her husband, the other party, was dead. R. S. 1899, sec. 4652. (2) Appellee was also incompetent to testify to the contract in controversy because it arose solely from communications between herself and her husband. R. S. 1899, sec. 4656. (3) The cross-examination of Mrs. Ackley was only as to matters covered by her examination in chief, and hence such cross-examination did not waive her right to object to her testimony and the court committed error in sustaining the motion for a new trial on the ground that her testimony had been erroneously stricken out. Johnston v. Johnston, 173 Mo. 91.

*E. W. Shannon* and *Fyke & Snider* for respondent.

(1) This court may consider on appeal, not only the grounds set forth in the order sustaining the motion, but any other grounds set forth in the motion itself, and if upon any grounds set forth justify a rehearing then this court will take the motion as properly disposed of in the order. Millar v. Car Co., 130 Mo. 523. (2) The trial court by a personal view of the case was in position to judge whether appellants cross-examination referred to, and the manner thereof was such as to waive the technic-

al right to exclude from consideration communications between husband and wife in regard to the certificate and their agreement with respect thereto. Edwards v. Latimer, 183 Mo. 610; State v. Hope, 100 Mo. 347; Hickman v. Green, 123 Mo. 165; Nichols v. Nichols, 147 Mo. 402.

BROADDUS, P. J.—This is an appeal from an order granting a new trial. The plaintiff is the widow of Alexander Ables, the defendant his daughter and step-daughter of plaintiff. The controversy is over a fund of two thousand dollars realized on a benefit certificate issued to said Alexander Ables by the Modern Woodmen of America. The latter was originally made a party to the proceedings, but was dismissed from the case after having deposited the sum in controversy with the court.

It is admitted by respondent that the beneficiary named in the certificate was the defendant, and the plaintiff's claim is based upon the ground that the assured had orally transferred the certificate to her and that thenceforward she had paid the assessments on the certificate until the death of the assured. After hearing the evidence the court found for defendant. The respondent filed a motion for a new trial which the court sustained on the ground that the "court erred in rejecting competent, relevant and material evidence offered by plaintiff."

The plaintiff was married to the assured December 24, 1901. The certificate was issued on the fourth day of June, 1896. It appeared from the evidence of plaintiff who testified in the case that for a while before they were married she kept a boarding-house in Kansas City and that Ables boarded with her; that in 1901 she went to Denver; that Ables came to Denver where they were married, from whence they returned to the home which she owned in Missouri. The plaintiff was permitted to testify over the objection of the defendant to the follow-

ing state of facts: That when Ables came to Denver he promised if she would marry him and go back to Missouri he would give her the certificate in question; that he delivered it to her and told her that it was her property; that it was the agreement between them that she should pay the dues; that at one time he told her he was going to the clerk of the local camp and have a new certificate issued to her; that she met him at the office of·said clerk where he had gone for that purpose, but as the certificate had been left at home the clerk would not make the change; that while at Denver he said to her, "As soon as I get home I will turn that (the certificate) over to you;" that when they got home he gave her the certificate and said, "Take this certificate, it is yours;" and that she kept the certificate and paid the premiums until her husband's death.

Upon further consideration, the court sustained defendant's objection to all that part of plaintiff's testimony in relation to what occurred between herself and husband. The defendant's attorney however, not content with the rejection of said evidence by the court, proceeded to cross-examine plaintiff as to the same matters and elicited the rejected evidence anew, whereupon the court struck it out under the general objection that plaintiff was not a competent witness as to what occurred between her and her husband. The court granted a new trial for the reason of error "committed in rejecting competent, relevant and material evidence offered by the plaintiff."

Whatever may be said about the competency of plaintiff to testify as to the matters mentioned, her incompetency was waived by the defendant in the cross-examination referred to. She then became a competent witness for all the purposes of the case and the court had no right to exclude her testimony and was fully justified in setting aside the finding and granting a new hearing of the case.

The defendant insists, however, that notwithstanding the court may hold the testimony of plaintiff should not have been excluded, yet, if upon the whole case the plaintiff was not entitled to recover it is our duty to restore the finding and render judgment in her behalf. The plaintiff insists that the finding upon the evidence, including that excluded, entitles the plaintiff to recover, therefore the court should enter a judgment in her favor. Had the motion for a new trial been overruled wrongfully, this court would be authorized to set aside the order granting a new trial and restore the judgment. But as the motion was rightfully sustained and the judgment set aside, the cause stands as if it had never been tried. There is no finding and no judgment to give us jurisdiction. If we undertook to hear and determine the case, it would be assuming original jursdiction. Our jurisdicton in the matter is only appellate.

Affirmed. All concur.