PIERCE LOAN COMPANY, Appellant, v. MARY E. KILLIAN, Administratrix of ROBERT LEE KILLIAN, Deceased, Respondent.

St. Louis Court of Appeals, November 29, 1910.

1. APPELLATE PRACTICE: Conclusiveness of Finding: Uncontroverted Evidence. In an action at law, even though plaintiff's evidence is not controverted by words, its weight is for the trier of the facts, whose finding is binding upon the appellate court, in the absence of a showing that he acted arbitrarily, under the influence of passion or prejudice.

2. EVIDENCE: Suit for Goods Purchased: Irrelevant Evidence. In an action against an administrator for diamonds sold decedent, testimony was admitted on behalf of defendant, upon the promise of his counsel to make its relevancy appear later, that about the time decedent purchased a diamond stud for $630, charged for in the account sued on, a certain woman had purchased a diamond ring at about the same price, and defendant's counsel was further permitted to ask plaintiff's secretary on cross-examination whether in the probate court he did not identify a receipted bill given to said woman, which showed that a diamond stud had been purchased by her for $630 and had been paid for by her by eight installments, corresponding in amounts and dates with eight credits shown on decedent's account, and on a denial by said witness of such identification, defendant was permitted to show by another witness that plaintiff's secretary had identified said receipt. Held, that said evidence was not relevant.

3. TRIAL PRACTICE: Evidence: Striking Out Irrelevant Evidence. Where irrelevant testimony is admitted on the promise of counsel to make its relevancy appear later in the case, and counsel fails to so connect it, it is error to overrule a motion by the adverse party to strike out such irrelevant testimony at the close of the whole case.

4. APPELLATE PRACTICE: Evidence: Refusing to Strike Out Irrelevant Evidence: Trial Practice. Where the trial court, sitting as a jury, just before making its finding, overruled a motion to strike out irrelevant testimony, admitted on defendant's promise to make its relevancy appear later in the case, but which promise was not fulfilled, it thereby indicated that such evidence was considered in making its findings, and as such evidence was used to impeach plaintiff's most

important witness, whose credibility, together with that of the others, was practically the only question in issue, the error in refusing to strike out such irrelevant testimony was reversible.

5. WITNESSES: Action Against Administrator: Waiver of Incompetency of Survivor. In an action against an administrator, for goods sold decedent, defendant, by extending the cross-examination of plaintiff's witness beyond the scope of what the witness was competent to testify to on direct examination, waived the witness' incompetency (assuming he was incompetent), so that he became a competent witness for all purposes, and it was error to refuse to permit plaintiff on redirect examination to examine him as to the transactions he had with decedent.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

REVERSED AND REMANDED.

*Kinealy & Kinealy* for appellant.

(1) It was the duty of the court to direct a verdict for the plaintiff in this case, as requested. Corby v. Butler, 55 Mo. 399; Kuykendall v. Fisher, 8 L. R. A. (N. S.) 96; Bank v. Donald, 56 Minn. 491; LaRue v. Lee, 14 L. R. A. (N. S.) 968; Davis v. Albritton, 8 L. R. A. (N. S.) 820; Cahill v. Railroad, 205 Mo. 407; Raney v. Raney, 128 Mo. App. 167; Morgan v. Morgan, 134 Mo. App. 160; Ulrey v. Ulrey, 80 Mo. App. 48; Keinstra v. King, 122 S. W. 337; Olcutt v. Century Bldg., 214 Mo. 35, 53; Phelps v. Conq. Zinc Co., 218 Mo. 572; Smith v. Athern, 34 Cal. 506; Felton v. LeBreton, 92 Cal. 457. (2) The court has no discretion to disregard the relevant and competent evidence in a cause— "judicial discretion is a phrase of great latitude, but it never means the arbitrary will of the judge." Tripp v. Cook, 26 Wendell (N. Y.) 152; People v. Sup. Court, 10 Wendell 291; Dooley v. Barker, 2 Mo. App. 327. (3) Respondent having cross-examined witness Geist as to the transactions he had with the deceased, R. Lee Killian, made him a competent witness as to all these

transactions and the court erred in refusing to permit him to testify as to any of them on redirect examination. Ables v. Ackley, 126 Mo. App. 87; Imboden v. Trust Co., 111 Mo. App. 232.   (4)  The court erred in permitting the witness Mr. Oberschelp to testify as to the alleged transactions of plaintiff with Jessie Ross and erred in refusing to strike out that testimony, as it related to a matter not in any way connected with the issues on trial.

*Thos. L. Anderson* and *Henry Oberschelp* for respondent.

STATEMENT.—This action originated as a claim in the probate court against the estate of defendant's intestate, R. Lee Killian.

The claim was for an alleged balance of $620.85 upon an open account.

William Geist, secretary of the plaintiff, whose duty it was to sell goods and make loans and keep the books, testified on behalf of plaintiff that he was the agent of the plaintiff in its transactions with Killian, identified the alleged account with Killian and stated that the entries composing said account were made by him at the time the respective transactions represented therein took place.   The account was introduced in evidence.   It was headed with the name "Lee Killian," and the debit side contained thirty charges under divers dates, from October 9, 1901, to February 16, 1907, and totaling $2746.35, for diamonds and other jewelry and cash.   Said account showed under date of May 27, 1904, a debit for a diamond stud, price $630.   There was no purchase or debit shown by the account from December 24, 1904, until February 16, 1907, and the last item was for cash fifty cents under said last mentioned date.

On the credit side of said account thirty-nine items are shown, totaling in amount $2125.50.   Deducting

the credits from the debits left a debit balance of $620.85.

Mr. A. C. Stewart, attorney at law, who was formerly president of the Board of Police Commissioners of St. Louis, testified that he was present at the trial of the deceased before the police board, in 1905 or 1906, it appearing that the deceased had been a detective. Remembers that Killian and Geist were there; also that Mr. John J. Kelly, the then stenographer of the board, took a shorthand report of the testimony; that the account book introduced in evidence was then before the board, and Killian examined it and made a statement that he was indebted for some diamonds or jewelry, something of that kind. Does not remember whether Killian mentioned the amount. Remembers Killian examined Geist.

John J. Kelly, the stenographer, testified by referring to his notes that Killian was before the police board on December 29, 1905, as a defendant; that Mr. Geist was present as a witness and Killian cross-examined him; that the questions and answers upon such cross-examination included the following:

"Detective Killian: Q. These diamonds that I purchased from you, I bought these diamonds from you on time payments? A. Yes, sir. Q. I would buy one diamond, and then another, trade one to you for another, and at the end of each month would pay you a small payment, would give you a small amount of money? A. At different times there was different amounts paid. Q. I have made as many payments as from here to Belleville? A. Quite as bad. Q. I owe on your books today seven hundred and fifty dollars? A. Yes, sir. Q. You trusted me with that and I am paying you on time payments? A. Small amounts."

Thomas F. Lynch, who admitted that he had resigned from the police force under charges, after having been on the force fifty-five days, and who stated that he had not taken enough interest in the charges

to even ascertain what they were, testified that while he was in plaintiff's pawnshop about the middle of February, 1907, Killian came in and made a payment of $49.50, and said to Geist: "that only leaves a little over $600 now." On cross-examination it was developed that this witness had been a frequenter of plaintiff's pawnshop for about three years. He testified that he could not tell whether he had been in the pawnshop in January. On recross-examination he stated that the statement he attributed to Killian about owing more than $600 must have been about the 15th or 16th of January.

Mr. John J. Murphy testified that he had seen Mr. Killian in the office of the Pierce Loan Company (time not mentioned) and had seen him exchange a diamond stud for a larger one; had heard no conversation or talking.

On behalf of defendant, Louis E. Killian testified that the deceased was killed around the 11th, somewhere between the 10th and 20th of February, 1907. Says that during the entire month of January, 1907, the deceased was in New Orleans with the Hagenbeck circus.

The foregoing is a substantial statement of all of the evidence in the case. Other facts will be mentioned in the opinion proper as may be necessary to an understanding of the points discussed.

At the close of all the evidence, the plaintiff asked the court to declare that under the law and the evidence its finding must be for the plaintiff for the full amount of its claim. The court refused to give that declaration, but did give the following at plaintiff's request:

"The court declares the law to be that if he believe from the evidence that at the time of the death of Robert Lee Killian he was indebted to the plaintiff on an open account then he shall find for the plaintiff and assess its damages in such amount as he may believe from the evidence to have been the balance due from said Killian to plaintiff together with interest at the

rate of six per centum per annum from the date of the
filing of the claim, to-wit."

"The court declares the law to be that any state-
ments made by Robert Lee Killian as to his being in-
debted to plaintiff, if you believe from the evidence he
made any such statements, are admissions against the
estate of said Robert Lee Killian in his suit, the same
as if said Killian himself was defendant."

Plaintiff asked for no other declarations of law and
defendant asked for none. The court made its finding
and rendered judgment in favor of defendant, and af-
ter an unsuccessful motion for a new trial, plaintiff has
duly prosecuted its appeal to this court.

CAULFIELD, J. (after stating the facts).—I.
Plaintiff first contends that the evidence was sufficient
to make it incumbent upon the trial court to find in
its favor, and that we should review the evidence, re-
verse the judgment and direct a finding and judgment
for plaintiff for the full amount of its claim.

We are unable to agree to this contention. Even
though the evidence offered upon behalf of the plain-
tiff was not controverted by words, still its weight,
dependent upon the credibility of the witnesses, which
might be determined by their manner and demeanor
while testifying, was for the trier of the facts, whose
finding—this being an action at law and there being
nothing to indicate that he acted arbitrarily, under the
influence of passion or prejudice—is binding upon us.
The evidence may be all one way, yet it is for the trier of
the facts to say whether he believes the witnesses or not.
[Gannon v. Laclede Gaslight Co., 145 Mo. 502, 515, 46
S. W. 968, 47 S. W. 907; Hunter v. Wethington, 205 Mo.
284, 293, 103 S. W. 543; Connelly v. Railroad, 133 Mo.
App. 310, 316, 113 S. W. 233; Dodd v. Guiseffi, 100 Mo.
App. 311, 315, 73 S. W. 304; Chinn v. Railway, 100 Mo.
App. 576, 584, 75 S. W. 375; Hugumin v. Hinds, 97

Mo. App. 346, 352, 71 S. W. 479; City of Poplar Bluff v. Hill, 92 Mo. App. 17, 19.]

This is not a case where it is apparent that there was no serious and real dispute as to the credibility of the witnesses testifying nor as to the existence of the facts to which they gave testimony. It is not a case where the essential facts were conceded. There is not present even the significance that might attach to the defendant. not testifying, this action being against the administratrix. Not only by vigorous cross-examination and objecting to questions, but by controverting part of the testimony and even attempting to impeach witness Geist by proof of contrary statements out of court, did defendant's counsel repel any implication that facts or credibility of witness were conceded.

Plaintiff's first contention we rule against it.

II.   Upon the promise of defendant's counsel to certainly make its relevancy appear later in the case, the court permitted him to show upon his cross-examination of Geist that about the same time deceased purchased a diamond stud for $630 charged for in the account, one Jessie Ross had purchased a diamond ring at about the same price, and to ask Geist whether in the probate court he had not identified a receipted bill given to Jessie Ross which showed that a diamond "stud" had been purchased by Jessie Ross for $630 and had been paid for by her by eight installments, corresponding in amounts and dates with eight credits shown on Killian's account.

Geist denied having so identified such a receipt. Defendant then, still proceeding we assume upon the faith of the promise to show its relevancy, showed by a witness that in the probate court Geist had identified said receipt and that said receipt (which had since been lost or mislaid) did disclose the coincidences of amounts and dates mentioned.

The relevancy of this testimony was not in any

manner made to appear. Nor have we been able to discover it.

The defendant at the close of the whole case moved that all evidence as to this irrelevant transaction be stricken out. The court overruled the motion. This was error. The plaintiff had a right to have said irrelevant evidence stricken out. [Gage v. Averill, 57 Mo. App. 111, 117.]

If the court had admitted the evidence upon the promise to connect it by later evidence and no motion to strike out had been made, then it might have been assumed, as was done in the last cited case, Gage v. Averill, that there was nothing involved but the order of proof as to which the trial court had discretion, and that having no probative force the trial court did not allow this evidence to influence its finding. But here the court, at the close of the evidence, on the very verge of making its finding, overruled the motion to strike out, thereby indicating in a most striking manner that it considered the evidence arrived at as having probative force.

This irrelevant evidence was erroneously used to impeach the credibility of plaintiff's most important witness. [Harper v. Railroad, 47 Mo. 567, 581.] Upon the record before us the credibility of the witnesses was practically the only question for the trial court to determine, and what influenced it in that regard was most important. And we cannot escape the conclusion, based upon its action in overruling plaintiff's motion, that it was influenced in its finding by this incompetent evidence. We therefore hold said action to be reversible error. [McDonald v. Matney, 82 Mo. 358, 366.]

III. We also rule (assuming that Geist was incompetent), that by extending the cross-examination of plaintiff's witness Geist beyond the scope of what the witness was competent to testify to upon direct

examination, as it is apparent from the foregoing she did, defendant waived the witness' incompetency and he became a competent witness for all the purposes of the case, and the court erred in refusing to permit plaintiff upon re-direct examination to examine him as to the transactions he had with the deceased. [Ables v. Ackley, 126 Mo. App. 84, 87, 103 S. W. 974; Imboden v. Trust Co., 111 Mo. App. 230, 232, 86 S. W. 263; McCune v. Goodwillie, 204 Mo. 306, 332, 102 S. W. 997; Borgess Inv. Co. v. Vette, 142 Mo. 560, 571, 44 S. W. 754; Rice v. Waddill, 168 Mo. 99, 120, 67 S. W. 605.]

For the errors above noted the judgment is reversed and cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.