## O'NEIL et al. v. STRATTON.

### No. 9561.

Circuit Court of Appeals, Eighth Circuit.
March 21, 1933.

P. H. Cullen, of St. Louis, Mo. (Taylor R. Young, Karl M. Vetsburg, and Spencer M. Thomas, all of St. Louis, Mo., on the brief), for appellants.

Walter Burch, of St. Louis, Mo. (Walter Diehm, of St. Louis, Mo., and W. J. Goldschmidt, of Milwaukee, Wis., on the brief), for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

Henry H. Stratton (a resident of St. Louis, Mo.) died there leaving a will which made no provision for appellee. Appellee brought this action against the executors and legatees for a share of the estate under the claim that he was a legitimate child of the testator. From a decree in his favor, the defendants bring this appeal.

There is no dispute as to appellee being the child of testator. The broad controversy is whether he is a legitimate child. At the time he was conceived and born, his father was the legal husband of a woman other than his mother. His contention is that his mother, in good faith and in ignorance of the existing marriage relation of the testator, entered a common-law marriage with testator and, in this relation, he was born.

The common-law marriage is claimed to have taken place in Milwaukee. Under the statutes of Wisconsin (section 245.36, Wis. St. 1931) it is provided: "The issue of all marriages declared null in law shall, nevertheless, be legitimate." Under Missouri statutes (section 316, R. S. Mo. 1929 [Mo. St. Ann. § 316]) is a like provision that, "The issue of all marriages decreed null in law, or dissolved by divorce, shall be legitimate." "Decreed," as used in this section, has been construed as meaning "deemed" and as not requiring formal nullification of the relation. Nelson v. Jones, 245 Mo. 579, 151 S. W. 80. These provisions of the statutes of the two states are held applicable to issue of a marriage in good faith when one of the parties had a living spouse. Watts v. Owens, 62 Wis. 512, 517, 22 N. W. 720; Phillips v. Wilson, 298 Mo. 186, 199,·250 S. W. 408; Green v. Green, 126 Mo. 17, 28 S. W. 752, 1008; Johnson v. Johnson, 30 Mo. 72, 77 Am. Dec. 598.

Therefore, the issue of legitimacy here rests upon the consummation of a common-law marriage entered into by appellee's mother in good faith and in ignorance of the then existing married status of the testator. This is a question of fact. The trial court found

such good-faith marriage established by the evidence.

The contentions of appellants are that no common-law marriage is shown in the evidence; that if such marriage is shown it depends upon the testimony of the mother; that such testimony is not admissible under a Missouri statute (section 1723, R. S. Mo. 1929 [Mo. St. Ann. § 1723]). The trial judge admitted the testimony of the mother, but found not only that all of the evidence showed a good-faith common-law marriage, but that, exclusive of the testimony of the mother, such was shown. We have carefully read and considered all of the evidence and reach the same conclusion.

■ Even had there not been such evidence, outside that of the mother, to establish sufficiently the marriage, the result would be the same because the court properly admitted the evidence of the mother. This is true for two reasons. The first reason is that the statute relied upon did not disqualify the mother under the circumstances here. The portion of the section (section 1723, R. S. Mo., 1929) here pertinent is that no person shall be disqualified as a witness "by reason of his interest in the event of the same [the suit] as a party or otherwise: * * * Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him. * * *" It will be observed that the incompetency extends only to testimony "either in his [a party to the contract with deceased] own favor or in favor of any party to the action claiming under him." Here the mother was not testifying in her own favor nor in favor of any one "claiming under" her. The matter in controversy is participation by appellee in the estate of the testator. It is a controversy in which the legal interests in issue affect only him and the other legatees. He claims no right thereto under his mother for she can have no right of any kind in such estate. Snuffer v. Karr, 197 Mo. 182, 94 S. W. 983, 7 Ann. Cas. 780. In a legal sense, the mother is not interested in him sharing in the estate for it neither profits nor harms her. In such a situation, the proviso in the statute has no application to the competency of the mother. Signaigo v. Signaigo (Mo. Sup.) 205 S. W. 23, 29, 30; Allen Estate Ass'n v. Boeke, 300 Mo. 575, 597, 254 S. W. 858; Ham, etc., Co. v. Catherine Lead Co., 251 Mo. 721, 741, 158 S. W. 369; and see Johnson v. Antry (Mo. Sup.) 5 S.W.(2d) 405, 408; Wagner v. Binder (Mo. Sup.) 187 S. W. 1128, 1151; Clark v. Thias, 173 Mo. 628, 73 S. W. 616; Lynn v. Hockaday, 162 Mo. 111, 61 S. W. 885, 85 Am. St. Rep. 480; and Spradling v. Conway, 51 Mo. 51.

■ The second reason is that when the mother was on the stand, she was cross-examined as to matters not covered by the examination in chief. It is true, her competency was challenged from the beginning and the cross-examination was asserted to be "under protest"; but this does not prevent the cross-examination incursion operating to make her appellants' witness and, as a result, waiving all objection to her competency. It is so held in Rauch v. Metz (Mo. Sup.) 212 S. W. 357, 361; McCune v. Goodwillie, 204 Mo. 306, 332, 102 S. W. 997; Edwards v. Latimer, 183 Mo. 610, 627, 628, 82 S. W. 109; Hume v. Hopkins, 140 Mo. 65, 75, 41 S. W. 784; in Pierce Loan Co. v. Killian, 153 Mo. App. 106, 113, 132 S. W. 280; and Imboden v. Trust Co., 111 Mo. App. 220, 232, 86 S. W. 263.

The decree is affirmed.