100    311
102   ³526

## D. McTARISH DODD et al., Appellants, v. GIOROLIANO GUISEFFI, Respondent.

### St. Louis Court of Appeals, March 17, 1903.

1. **Attachment: FRAUD: HINDER OR DELAY CREDITORS: VERDICT OF JURY.** The jury passed on the issue, whether defendant had fraudulently concealed, removed and disposed of his property so as to hinder and delay his creditors, and having so passed on that issue under the pleadings, with all the facts before them and the instructions of the court, their verdict must remain unmolested.

2. ————: **JURY: ISSUES OF FACT.** This court long since approved the doctrine that issues of fact were solely for the jury, and an instruction assuming facts put in issue by the pleadings, even where testimony was uncontradicted, was erroneous.

3. ————: **EXTENSIONS OF TIME: BILL OF EXCEPTIONS.** As the statute authorizes the court, or judge, in vacation to extend the period of time for filing a bill of exceptions, the power to extend such time in the absence of a showing otherwise, must be accorded to the court or judge, and also it will be presumed that he acted properly and with discretion in making such extensions of time.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Ten Broek, Spooner & J. M. Holmes* for appellants.

Where there is no conflict in the evidence submitted to the jury, and the verdict is against all the evidence introduced, there being no evidence at all to support it, the jury will be presumed to have misunderstood or willfully disregarded the instructions of the court and to have been guilty of misapprehension or perversion of

the law or will be presumed to have been influenced by prejudice, corruption or to have been guilty of such gross ignorance as to amount to misbehavior on its part and a new trial should be awarded without reference to the number of new trials which preceded it. Hill v. Deaver, 7 Mo. 57; Wright v. Adams, 76 Mo. 605; Price v. Evans, 49 Mo. 396; Spohn v. Railway, 87 Mo. 74; Walton v. Railroad, 49 Mo. App. 620; Loinberger v. Pohlman, 16 Mo. App. 392; Friez v. Fallon, 24 Mo. App. 439; Suddoth v. Brien, 39 Mo. App. 652.

*T. J. Rowe* for respondent.

In this case two juries decided in favor of the conclusion of honesty and against the conclusion of fraud. In Gannon v. Gas Co., 145 Mo. 516, the court says: "If this court can not set aside the finding of the jury on the matters of fact involved in the issue raised by defendants' answer, we must assume to ourselves the prerogative which the writer has always thought, under our Constitution and laws, rested exclusively with the jury. If we can set aside this finding on the grounds that the defendant's proof was undisputed, and sufficient as a defense, we ought to reverse the case, and in that we have made the finding of facts, and passed our judgment thereon contrary to the finding of the jury, with the apparent sanction of the trial court, as indicated by its refusal to set aside the finding so made by them." Frankenthall v. Goldenstein, 44 Mo. App. 189.

REYBURN, J.—An attachment suit was brought in the circuit court of the city of St. Louis by appellants against respondent, assigning among other statutory grounds for attachment that the defendant had fraudulently concealed, removed or disposed of his property or effects, so as to hinder or delay his creditors. A trial was had on defendant's plea in abatement, and the jury returned a verdict in his favor which, *upon plaintiffs'*

*motion for new trial,* was set aside by the court, and the case again proceeded to trial on the plea in abatement with the same result, nine jurors concurring in the last verdict.

At the second trial a great volume of testimony was introduced, tending to support the various grounds for attachment and contained in the lengthy record filed in this court which, however, has not been abstracted, and appellants are content to narrow and confine their reliance for reversal in this court to the presentation and consideration of the single proposition that the evidence offered by plaintiffs was not only uncontradicted upon the particular ground of attachment, that the defendant had fraudulently concealed, removed or disposed of his property or effects so as to hinder and delay his creditors, but that it also was fully established by the testimony of the defendant himself, and that, therefore, as a matter of law plaintiffs were entitled upon this ground to a verdict, and that the verdict of the jury ignoring the undisputed evidence upon this ground had nothing to support it and plaintiffs were entitled to a new trial, regardless of the number of trials preceding.

There was evidence proving that defendant had given a chattel mortgage upon his property to Aimee D. Emory to secure notes for the total sum of one thousand dollars, which defendant testified he repaid in installments, making the final payment at a late hour on January 9, 1896. The mortgage remained after such payment not released and defendant explains that this was due to the fact that the mortgage had been stolen from his desk in his absence by the mortgagee after its payment and by her placed on record. But however this may be, by letter of defendant to plaintiffs, dated the day on which he asserted he made the final payment of the mortgage, and by his succeeding letters, defendant represented to plaintiffs that this chattel mortgage was an existing obligation.

1. The question presented to the jury by the issue joined on this ground of attachment was, whether the defendant had fraudulently concealed, removed or disposed of his property so as to hinder or delay his creditors, and while proof that a chattel mortgage, in truth extinguished by payment prior to its record, was permitted to remain on the records without release, thus appearing as an unpaid secured indebtedness, and was so represented by defendant to his creditors, the plaintiffs, was most convincing evidence of plaintiffs' ground of attachment, and the attempted· explanations by defendant and the mortgagee of the conditions attending its record, and the excuses offered why it was not released may be specious and appear unworthy of belief, yet it still remained for the triers of fact alone to determine whether all the evidence tendered was sufficient to satisfy their minds and convince them of the fraudulent conduct ascribed to defendant. We are not unmindful of the well-known rule empowering the court to assume facts established by documentary evidence alone, but upon this issue of fact the evidence was not exclusively in documentary form, but was in large part oral and the case was submitted to the jury as well upon the testimony of the numerous witnesses of the respective parties. The court is not permitted to assume the existence of facts, unless they are either admitted by the pleadings or conceded upon the trial.

Section 801 of the present statutes permits a second new trial only where the jury erred in a matter of law or were guilty of misbehavior, and unless such error in matter of law or misconduct on part of the jury appears, neither party is entitled to more than one new trial. Appellant has not indicated any ·error by the jury in any matter of law and makes no charge of misconduct, and if this court was at liberty to weigh the testimony, the plain letter of the statute would forbid disturbing the verdict as against the preponderance of the evidence.

The contention of plaintiffs in substance and effect is an appeal to this court to weigh the evidence, and if their position was tenable and pursued to its logical length, the reasoning now resorted to would have warranted the trial court to peremptorily instruct the jury to find a verdict for plaintiffs. That an imperative instruction, even where the testimony offered is uncontradicted, excepting always the legal construction of written instruments, would not be proper, is the rule irresistibly deduced from the elaborate decision of the Supreme Court in banc in the Gannon case (145 Mo. 576), in which earlier cases in this State are fully reviewed and affirmed. This court, also, long since, approved the doctrine that issues of fact were solely for the jury and an instruction assuming facts put in issue the pleadings, even where testimony was uncontradicted, was erroneous. Dulaney v. St. Louis Sugar Refining Co., 42 Mo. App. 659.

2. The conclusion reached diminishes the materiality of respondent's objection that the bill of exceptions was not in conformity to law because the record failed to disclose any good cause, for which the extensions of time for filing the bill of exceptions granted by the court, subsequent to the first extension of time, were made. It is, therefore, sufficient to say that the statute authorizing the extension of the period for filing the bill of exceptions commits to the sound discretion of the trial judge, both in term time and in vacation, the power to extend such time and in the absence of a showing otherwise, the usual presumption respecting the correctness of official conduct will be indulged in, that such power was neither abused nor arbitrarily exercised, but that the court possessed of the statutory right to make such extensions of time, acted properly and with discretion and the grounds of the action will not be inquired into. State v. Lord, 118 Mo. 1; City of St. Joseph to use v. Farrell, 106 Mo. 437; State ex rel. v. Wayne County

Court, 98 Mo. 362; Smith v. Williams, etc., Co., 73 S. W. 315.

The judgment is affirmed. *Bland, J.,* concurs in the result; *Goode, J.,* not sitting.