WALDOPFEL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 17, 1903.**

1. **Bill of Exceptions:** EXTENSION OF TIME FOR FILING BEYOND TERM. Section 728, Revised Statutes 1899, limited the power of the trial court to extend the time of filing bills of exceptions beyond the term at which such exceptions are taken to cases wherein good cause is shown; but when the court so extends the time, the usual presumption will be indulged that such power was neither abused nor arbitrarily exercised.

2. **Damages:** MEDICAL ATTENDANCE; PROOF OF VALUE OF SERVICE. In an action for damages for personal injuries, where the evidence fails to show that the attending physician made any charge, or to show the value of his professional aid, it is error to instruct the jury that in assessing plaintiff's damages, they may "add a reasonable sum for medical attendance."

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Crawley, Jamison & Collet* for appellant.

(1) Nowhere in his testimony does this witness state that he was employed by plaintiff to treat her; that he made any charge for his services, nor does the testimony show that he intended to make such charge. (2) Under the evidence, it was error for the court to authorize the jury to allow plaintiff any sum whatsoever for medical attendance. Duke v. Railroad, 99 Mo. 347; To the same effect are the cases of Minster v. Railroad, 53 Mo. App. 276; Orscheln v. Scott, 79 Mo. App. 534; Robertson v. Railroad, 152 Mo. 382; Moore v. Railroad,

144 Mo. 500; Smith v. Railroad, 108 Mo. 43; Rhodes v. City of Nevada, 47 Mo. App. 499.

*Sheridan & Sheridan* and *Henry B. Davis* for respondent.

(1) There is no properly authenticated bill of exceptions in this case for the reason that the second extension of time granted by the court was without any cause (good or bad) shown. Bushnell v. Finnan, 83 Mo. App. 70, and cases there cited. (2) The instruction (No. 9) was properly given. There is ample evidence in the testimony of plaintiff that she had the medical attendance and owed for it. Anchor Milling Co. v. Walsh, 24 Mo. App. 97; Kingsbury v. Joseph, 94 Mo. App. 298; Hurst v. Kansas City, Etc., 163 Mo. 309; Cosgrove v. Leonard, 134 Mo. 419.

### STATEMENT.

The St. Louis Transit Company has appealed from a judgment of the circuit court of the city of St. Louis, rendered upon the verdict of a jury awarding her damages for personal injuries.

The portions of plaintiff's petition material, omitting formal averments, are thus set forth:

"Plaintiff further states that on or about the first day of March, 1902, plaintiff for value received was accepted by the defendant as a passenger on its trolley car in charge of its agents or servants at the said intersection of Olive and Sixth streets in said city, to be safely carried by defendant to the said intersection of Ninth and Lynch streets as aforesaid, and defendant thereby agreed and it became its duty as aforesaid, to well and safely carry and transport plaintiff to said Ninth and Lynch streets as aforesaid, and plaintiff entered the trolley car of the defendant for the purpose of said transportation.

"But plaintiff says that defendant, unmindful of
its duty in the premises and in violation of its contract
aforesaid, failed to carry plaintiff well and safely to the
said Ninth and Lynch streets, but so carelessly and neg-
ligently conducted itself in the premises that defend-
ant failed to provide a safe step from its trolley car and
failed to keep the mud off the step provided, that plain-
tiff without any fault on her part was, in alighting from
the car of defendant, thrown from the car by reason of
said unsafe step and the mud collected thereon and by
reason of said fall plaintiff's clothes were destroyed
and plaintiff's ankle was wrenched so that plaintiff was
confined to her bed for the space of six weeks and plain-
tiff's nervous system was destroyed and plaintiff was
and is injured internally, and said injuries are perma-
nent and plaintiff has and will suffer great pain and
anguish and has and will in the future be put to great
expense for medicine and medical attendance, all to her
damage in the sum of twenty-five thousand dollars, for
which with costs, she asks judgment."

The answer was a general denial coupled with a
special plea which, in the view taken by us, may be dis-
missed without further consideration.

REYBURN, J. (after stating the facts as above).—
At the threshold of this case we are confronted by
respondent's arraignment of the bill of exceptions of
appellant, that section 728, Revised Statutes 1899, lim-
ited the power of the trial court to extend the time for
filing bills of exceptions beyond the term of court at
which the exceptions are taken, to such cases wherein
*good cause* is shown for the prolonging.

In Dodd v. Guiseffi, 100 Mo. App. 311 (73 S. W.
304), this court had occasion to consider the same ob-
jection, and held that under the above statute authoriz-
ing the trial court, in its discretion, to extend the time
for filing the bill of exceptions, in the absence of the op-
posite showing, the usual presumption would be in-

dulged in, that such power was neither abused nor arbitrarily exercised, but that the court, possessed of the statutory right to make such extensions of time, acted properly and with discretion and the grounds of its action would not be inquired into.

2. That portion of the ninth instruction, given at the instance of plaintiff, concerning the measure of her recovery, and to which objection is made, is as follows:

"If therefore, the jury find that the plaintiff was injured while a passenger on defendant's railway, in alighting from the defendant's car, and the cause of such injury was the old and worn-out condition of the step, and the condition of said step was known to the defendant, its agents or servants, prior to the said injury, or could have been ascertained by them by the exercise of such care as a very cautious person would have exercised under like circumstances, then the jury will find for the plaintiff, and assess her damages at such sum as the jury believe from the evidence will compensate the plaintiff for the pain and anguish already suffered by her, or which she may suffer in the future, by reason of her injuries, and to this the jury may add a reasonable sum for medical attendance, not exceeding the amount sued for in the plaintiff's petition; but if the jury find that the plaintiff was not injured by reason of the condition of said step, then the jury will find for the defendant."

The attending physician testified respecting the extent and character of the injuries of his patient, but he failed to show any employment or charge, or the value of his professional aid; the plaintiff also on cross-examination showed the length of time the physician had attended her, but expressly stated he had rendered no bill to her and she did not know what his bill was.

In Duke v. Railway, 99 Mo. 347, the petition stated "that on account of said injuries, it was necessary for plaintiff to expend, and she did expend, a large sum of money for professional services of physicians and

nurses and for drugs, to-wit, one thousand dollars, and was damaged in bodily pain, anguish and suffering, and in the permanent injury to her hip and ankle and the loss of her suit of hair, in the sum of twenty-five thousand dollars." The instruction for plaintiff upon the question of damages was as follows: "And if you further believe that on account of such injuries it became and was necessary for plaintiff, and she did expend large sums of money for professional services, physicians and nurses and also for drugs and medicines and that from the overturning of the train as aforesaid, she suffered mental anguish and bodily pain, and was, as to the physical parts of her body heretofore mentioned, permanently injured and disabled, and that the overturning of said car, in which the plaintiff was seated as a passenger was the direct and proximate cause thereof, you will find for the plaintiff, and assess her damages at such sum as will, in your opinion, compensate her therefor, not to exceed twenty-five thousand dollars." The chief objection urged against this instruction was that it authorized the recovery by plaintiff of money expended for physicians' and nurses' services, drugs and medicines, when in fact the evidence fails to show any sum or sums disbursed for any such purposes. The court finding this objection well taken says: "There was an entire failure of proof as to the allegation in the petition that the plaintiff expended a large sum of money for professional services of physicians and nurses and for drugs, under the most liberal construction that can be placed upon it, and it was error in the court to instruct the jury as if there was evidence in the case in support of that averment. Where there is no evidence showing the amount, or the proximate amount, of expenses incurred for medicines, medical attention or like services, the jury have no basis upon which to form an estimate of the damages that ought to be assessed on account thereof, and damages of this kind can not be

found except upon such proof." And the judgment was reversed solely on the above proposition.

Again in Rhodes v. City of Nevada, 47 Mo. App. 499, a judgment for personal injuries against defendant was reversed exclusively for a similar error, where the language of the instruction authorized the jury in estimating plaintiff's damages amongst matters mentioned to take into consideration her "expenses for medical treatment." To the same effect might be cited a long line of cases in the Supreme Court and the Courts of Appeals of this State, affirming the doctrine of the above cases. Robertson v. Railway, 152 Mo. 382; Morris v. Railway, 144 Mo. 500; Smitt v. Railway, 108 Mo. 243; Minster v. Railway, 53 Mo. App. 276.

The judgment is accordingly reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.