JOHN NELSON, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 26, 1905.**

1. **PERSONAL INJURY: Damages: Pleading: Evidence.** While the fact that reasonable obligations resulting from personal injury have not been paid does not prevent a recovery therefor; yet, being in the nature of special damages they should be specially pleaded and evidence thereof is not admissible under the allegation of expenses paid.

2. ———: ———: **Evidence.** Proof of liability paid or incurred is some evidence of the value of services, but when the evidence fails to show either the amount of the charge or the reasonable value of the services, the jury cannot be permitted to speculate as to the actual damages sustained.

3. ———: **Husband and Wife: Damages: Common Law Statute.** The common law idea of the husband's right to the wife's earnings has given way under the statute; and each assumes to the other and their offsprings certain obligations, the husband supporting the family and educating the children, the wife keeping house and the work incident thereto; but when she becomes a wage earner, as a boarding-house keeper, her labor belongs to her and not to her husband and she alone can recover for the loss of such earnings.

Appeal from Jackson Circuit Court.—*Hon. J. McD. Trimble,* Special Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Charles A. Loomis* for appellant.

(1) The court erred in its refusal to sustain the defendant's demurrer and to give defendant's peremptory instruction. The evidence wholly failed to sustain the allegations of the petition. Spiro v. Transit Co., 102 Mo. App. 261; Hesselbach v. St. Louis, 179 Mo. 524; Purl v. Railway Co., 72 Mo. 172; Bartley v. Railway, 143 Mo. 139, 140; Raming v. Railway, 157 Mo. 506. (2) Instruction numbered one is unsupported by the evidence. Wyatt v. Railway, 62 Mo. 408; Heide v. Transit Co., 104 Mo. App. 328. It enlarged the issues. Fink v. Phelps, 30 Mo. App. 435; Waddingham v. Hulett, 92 Mo. 528; George v. Railway, 40 Mo. App. 447; Crews v. Lackland, 67 Mo. 621-622; Barr v. Kansas City, 105 Mo. 559. (3) Instruction numbered 2 given for the plaintiff permits the jury to take into consideration elements of damage not alleged in the petition and not proven by the evidence; and elements of damages not recoverable under the law.

*Meservey, Pierce & German* for respondent.

(1) Respondent's instruction numbered 1 states the law and is abundantly supported by the evidence. Thompson on Carriers, sec. 443; Poulin v. Railway, 61 N. Y. 621; Nichols v. Railway, 38 N. Y. 131; Railway v. Mumford, 3 Am. & Eng. Ry. Cas. 312-315; Railway v. Calderwood, 7 So. 360; Conway v. Railway, 16 So. 362; 46 La. Ann. 1430; Nellis on Street Railroad Accident Law (1904), 91. (2) Instruction numbered two on the measure of damages is not erroneous. Abbitt v. Transit Co., 104 Mo. App. 534.

JOHNSON, J.—Clare Nelson, wife of plaintiff, sustained personal injuries alleged to have been caused by the negligence of defendant. She brought suit to recover her resulting damages and obtained judgment in

the sum of one thousand dollars, which we affirmed at this term—Clare Nelson v. Metropolitan Street Railway Company, 113 Mo. App. 702. In this suit the husband seeks to recover the damages sustained by him in consequence of his wife's injuries. The jury found for him in the sum of one thousand dollars, and defendant appealed. All the questions presented upon this appeal are answered in the opinion filed in the wife's case, save those relating to the measure of damages.

The petition alleges that "plaintiff has been compelled to pay out the sum of one hundred dollars for medicine, two hundred dollars for a physician and surgical attention, one hundred dollars for nurse hire and three hundred dollars for servants to perform the usual work heretofore performed by his said wife; and that he will be compelled to pay out large sums of money on said account hereafter, and that the injuries received by his wife are permanent. . . . that her services have been entirely lost to this plaintiff and will be lost to him for a long time hereafter, during which time plaintiff has been and will be hereafter deprived of the comfort, society and assistance of his said wife."

At plaintiff's request the court gave the following instruction:

"The jury are instructed that if you find for the plaintiff you will assess his damages at such sum, if any, as you may find and believe from the evidence plaintiff has expended, *or has become liable for,* for medicine for his wife, made necessary on account of the injury to her on March 21, 1903, as detailed in evidence, not exceeding the sum of $100; also for such sum, if any, as you may find and believe from the evidence plaintiff has expended *or has become liable for* for the services of a physician for his wife made necessary by reason of said injury, not exceeding the sum of $200; also for such sum, if any, as you may find and believe from the evidence plaintiff has expended *or become liable for* for

nurse hire for his wife made necessary by reason of said injury, not exceeding the sum of $100; *also for such sum, if any, as you may find and believe from the evidence plaintiff has expended or become liable for on account of the employment of servants to perform the domestic services for plaintiff's household since said injury, if you find and believe from the evidence that such services were performed prior to said injury by plaintiff's said wife, and that her said injuries prevented her from performing them afterwards, not exceeding the sum of $300*; also such sums, if any, as you may find and believe from the evidence plaintiff will be compelled to expend hereafter as the reasonable result of the injury to his said wife for any of the matters hereinbefore specified; also for such sum, if any, as you may find and believe from the evidence will reasonably compensate plaintiff by reason of his having been deprived of the comfort and society of his said wife, if you find and believe from the evidence that he has been so deprived by reason of said injury, the whole amount of your verdict to be stated in one sum." The directions contained in the italicized words are claimed by defendant to be erroneous under the averments of the petition and the evidence.

It will be observed that liabilities created, but not paid, by plaintiff for medicines bought and medical attention, nurses and servants employed on account of the injuries inflicted are not included among the damages alleged to have been sustained, but compensation for them is directed in the instruction. The fact that reasonable obligations resulting from such injuries have not been paid does not prevent a recovery for them. [Wilbur v. Ry., 110 Mo. App. 689, 85 S. W. 671; Mirrielees v. Ry., 163 Mo. 492; Muth v. Ry., 87 Mo. App. 432; Murray v. Railroad, 101 Mo. 240; Morris v. Railroad, 144 Mo. 500.] But being in the nature of special damages, the defendant must be advised by the petition of the specific claims he is being called upon to meet. Under allegations of expenses paid in the treatment and

care of the injured in negligence cases, evidence of lia-
bilities incurred but not paid is not admissible. With-
out a specific allegation such damages are not recover-
able. [Muth v. Railroad, supra.]

We find upon an inspection of the record no evidence
upon which to base the allowance of compensation for
damages of this character. Plaintiff did not claim that
he owed anything for medicines and nurse hire. His
only unpaid bills were for medical attention. He said
that he paid one doctor $100 on account of services and
then testified: "Q. Do you owe him anything now?
A. Yes, sir. Q. How much? A. I couldn't say how
much I do owe him. Q. Haven't you any idea how
much it is? A. No, sir. Another doctor attended his
wife three or four weeks, for which he had not been paid.
Plaintiff said: Q. You still owe him? A. Yes, sir.
Q. How much do you owe him? A. I don't know. Q.
Did he ever send you any bill? A. No, sir." The fact
alone that physicians treated the patient does not prove
nor tend to prove either the amount of their charges or
the reasonable value of the services rendered. The lat-
ter amount fixes the measure of damages except when it
appears that the charge made is less than the reasona-
ble value, in which case the recovery is limited to the
former amount, for the plaintiff is not entitled to re-
ceive more on this account than his actual loss. Proof
of the liability paid or incurred is some evidence of the
value of the services (Abbitt v. Transit Co., 104 Mo.
App. 534), but when, as in this case, the evidence fails
to show either the amount of the charge or the reasona-
ble value of the services there is an entire failure of proof
and the jury should not be permitted to speculate in an
effort to award full compensation for the actual dam-
ages suffered. Nor can it be said that the error was
harmless. The verdict greatly exceeded the sum of the
actual disbursements made by plaintiff. We are unable
to know just how much of the excess represents damages
of this character, but, presumably, the jury obeyed the

instruction and allowed something for them. Under the pleadings and evidence it was error to direct this to be done. [Robertson v. Railroad, 152 Mo. 382; Duke v. Railroad, 99 Mo. 347; Waldopfel v. Transit Co., 102 Mo. App. 524.]

Plaintiff testified that at the time of his wife's injury he was employed in a beef and pork packing establishment, and, in addition, conducted a boarding-house at his home. His wife, without the aid of servants, did all of the cooking and housework for their family, and for some ten or twelve boarders. After her injury he was compelled to employ servants to do this work, for which service he paid two hundred and thirty dollars. The court in the instruction under consideration authorized the jury to compensate him for this expense. The common law idea that the wife is but a kind of servant to the husband, bound to render to him the fullest extent her personal service, including the earnings therefrom, has, under statutes enacted for her benefit and their interpretation by the supreme and appellate courts, given way to more just and enlightened views of the marital relation. The wife has been placed upon an equality with the husband with respect to her property and personal rights. Each of them assumes certain obligations to the other and to their offspring. The husband's duty is to support the family and provide for the education of the children; in return for which the wife owes him her service in caring for the household and in doing the work incident thereto. Her services to this extent belong to him not because of an inherent superiority in position or right, but as a fair equivalent for his support and protection. But when the wife, through stress of circumstances, or out of motives of thrift, is permitted to take upon her shoulders the husband's burden, or a part thereof, and becomes a wage earner, the earnings from her labor belong to her—not to the husband. In this case it does not appear how the fruits of the wife's work in providing for

the wants of a house full of boarders were disposed of; but whether the husband alone profited by them, or they went into the family purse, her right to them must be conceded, and her inability to pursue her vocation, caused by the wrongful act of another, vested in her alone the right to recover the damages thus sustained. [R. S. 1899, Chap. 51; Clow v. Chapman, 125 Mo. 101; Dunifer v. Jecko, 87 Mo. 282; Macks v. Drew, 86 Mo. App. 224; Huss v. Culver, 70 Mo. App. 514;Niemeyer v. Niemeyer, 70 Mo. App. 609.] It follows that plaintiff's measure of recovery should be restricted to the value of his wife's services in cooking, housework and other work performed for the family of which he has been deprived through her injury, and should not include services rendered to the boarders.

After the argument in this court plaintiff entered a remittitur in the sum of two hundred and thirty dollars to cover the expenditure for servants' wages, but in view of a retrial of the cause, made necessary by the other errors noted, the pertinency of a determination of this question is apparent.

The judgment is reversed and the cause remanded. All concur.