HARRIET WINONA FIELD, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

CARRIERS OF PASSENGERS: Negligence: Damages. Plaintiff sued for damages caused by a collision between an electric street car and the buggy in which she was riding as a guest of the driver. An instruction on the measure of damages authorized recovery for expenses for Doctors, nurses and medicines, but no evidence was adduced touching the amount of the expenses incurred on account of physicians, nurses

and medicines, nor that plaintiff had paid anything for such services or become liable in any way for them. Held that the jury should not have been permitted to speculate, and because of failure of proof the instruction should have omitted the elements of damage in question.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Ben F. White* and *C. S. Palmer* for appellant.

Instruction No. 4, given by plaintiff's request, was erroneous in that it allowed the jury to consider the expense of physicians, and nurses, and medicines, although there was no evidence of any such items of expense. Duke v. Railroad, 99 Mo., 347; Culberston v. Railroad, 50 Mo. App 556; Waldofel v. Transit Co., 102 Mo. App. 524; Gibler v. Terminal Railroad Assn., 203 Mo. 208; Nixon v. Railroad, 141 Mo. 440. 2. It was error to admit in evidence over the objection of defendant, copies of the payroll of the United States Express Co. 1 Wigmore on Evidence, sec. 749; Halsey v. Sinsebaugh, 15 N. Y. 485; Wilcoxson v. Darr, 138 Mo. 660.

*Daniel C. Ketchum* and *H. H. Boggs* for respondent.

(1) Instruction No. 4 was properly given in this case. Tandy v. Transit Co., 178 Mo. 240; Lindsay v. Kansas City, 195 Mo. 166; Flaherty v. Transit Co., 207 Mo. 318; O'Donnell v. United Railways Co., (S. C. A. 1911) 133 S. W. 1165. (2) Even if instruction number 4 is considered as error it is not reversible error. Tandy v. Transit Co., 178 Mo. 240; Bridges v. Railroad, 6 Mo. App. 389; Whitworth v. Webb City, 204 Mo., 603. (3) Witness Rosenberg was properly permitted to testify

from the memorandum which he had made. Milling Co. v. Walsh, 108 Mo. 284; Rosenfield v. Siegfried, 91 Mo. App. 169; State v. Findley, 101 Mo. 217; Coats v. Lynch, 152 Mo. 161; Jegglin v. Roeder, 79 Mo. App. 428; Heading & Stave Co. v. Railroad, 119 Mo. App. 499; Evangelical Synod, etc., v. Schoeneich, 143 Mo. 652.

JOHNSON, J.—A street car operated by defendant on Troost avenue in Kansas City overtook and collided with a buggy in which plaintiff was riding as a guest of the driver and plaintiff was thrown to the pavement and injured. She brought this action to recover damages on the ground that the injuries she sustained were caused by negligence in operating the car. The cause is here on the appeal of defendant from a judgment of $650 recovered by plaintiff in the circuit court.

Only two points are presented by defendant for our consideration, viz., that the instruction on the measure of damages given at the request of plaintiff is erroneous for the reason that important elements of damage submitted in the instructions are unsupported by sufficient proof and that the court erred in one of its rulings on the admission of evidence. The latter point is ruled against defendant on the ground that the error, if one was committed, was harmless. The remaining point requires serious consideration. As to the damages sustained by plaintiff in consequence of her injuries, the petition alleges:

"That by reason of the aforesaid facts plaintiff was greatly injured, in that, she suffered severe bruises and contusions over her entire body; she suffered internal injuries, the nature of which she cannot more accurately describe; because of said collision and injuries a surgical operation was performed upon plaintiff; that on account of said injuries plaintiff has suffered great pain of body and mind; that she has lost and will continue to lose much time from her employment, her earning power has been reduced and she has expended and will

be obliged to expend large sums of money for services of surgeons, doctors and nurses, hospital fees and for medicines; all to plaintiff's damage in the sum of ten thousand dollars."

The instruction on the measure of damages is as follows: "The court instructs the jury that if they find for the plaintiff they shall assess her damages at such sum as they believe from the evidence will compensate her for the bodily pain and mental anguish, if any, that she has suffered as a result of defendant's negligence, for the expense, if any, of physicians and nurses, hospital fees and medicine that plaintiff has already incurred or that plaintiff is reasonably certain to incur, if any, for the loss of time, if any, and for permanent injuries, if any, resulting from defendant's negligence."

It will be observed that the petition and instruction include, among the recoverable damages, expenses incurred by plaintiff on account of defendant's negligence, for physician's, nurses, hospital fees and medicines. In respect of such items the instruction does not enlarge upon the pleaded damages but it is the contention of defendant that the evidence is barren of any proof of expenses incurred by plaintiff for the services of physicians and nurses or for medicines.

In addition to some bruises and abrasions the injuries of plaintiff according to her evidence, include a fracture of her *coccyx* and a serious injury to some of her internal organs. She suffered much pain, was compelled to call in a physician and not improving under his care, went to a hospital where she underwent a surgical operation in which her abdomen was opened for the purpose of operating upon the affected organs. The evidence of plaintiff tends to show that the operation was made necessary by the injuries she received in consequence of defendant's negligence, but the evidence of defendant tends to show that plaintiff had been in poor health for some time on account of a female disease, had been under treatment of a physician for that trouble, was

contemplating having a surgical operation performed at the time of her injury and that the operation performed was made necessary by the disease and not by her injuries. This contention of defendant received strong support in the fact that the surgeon who performed the operation discovered and removed a *dermoid cyst* or tumor which had existed in plaintiff from her birth.

Thus it appears from the evidence that there was room for a wide divergence of opinion among reasonable minds over the issues of the nature and extent of the injuries caused by the negligence of defendant and the expense for doctors, nurses, hospital charges and medicines made necessary by such injuries. The jury well might have concluded that plaintiff's internal disorders were due to disease, that her injuries were comparatively slight and that none of the operation expenses and but a part of the expenses incurred for treatment before the operation should be charged to the account of defendant's negligence. On the other hand the jury would have been justified in the conclusion that all of plaintiff's ailments were caused by that negligence. Expenses for medical services and the like are special damages which the plaintiff in a personal injury case must plead and prove. [Nelson v. Railroad, 113 Mo. App. 659.]

"Where there is no evidence showing the amount, or the proximate amount of expenses incurred for medicines, medical attention or like services, the jury have no basis upon which to form an estimate of the damages that ought to be assessed on account thereof, and damages of this kind cannot be found except upon such proof." [Duke v. Ry., 99 Mo. 347; Culberson v. Ry., 50 Mo. App. 556; Waldopfel v. Transit Co., 102 Mo. App. 524; Gibler v. Ter. R. R. Ass'n., 203 Mo. 208; Nixon v. Ry., 141 Mo. 440.]

Turning again to the evidence we find that aside from the statement of plaintiff that she paid a hospital bill of forty-four dollars there is no evidence touching the amount of the expenses incurred on account of phy-

sicians, nurses and medicines, nor do we find even the statement that plaintiff has paid anything for such services or become liable in any way for them. Beyond the bare facts that she received the services of doctors and nurses and that medicines were used in her treatment, the evidence discloses no other facts and it is impossible to form an intelligent conclusion respecting the extent of the loss, if any, entailed to her by such expenses. The jury should not have been permitted to guess or speculate and because of failure of proof the instruction should have omitted the elements of damages in question. There can be no doubt that the error was prejudicial. We must assume that the verdict contained an allowance for doctors and drug bills and, since we have no means of knowing the amount awarded plaintiff on this score, we must hold that the entire verdict is infected by the error.

Accordingly the judgment is reversed and the cause remanded. All concur.

